**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 6:15-CV-01039-RWS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GOOGLE INC. | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT GOOGLE INC.'S ANSWER TO PLAINTIFF'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google Inc. ("Google") answers the Complaint of Plaintiff Eolas

Technologies Incorporated ("Eolas" or "Plaintiff") as follows:

**THE PARTIES**

1.      Google is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 1, and therefore denies them.

2.      Google is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 2, and therefore denies them.

3.      Google is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 3, and therefore denies them.

4.      Google is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 4, and therefore denies them.

5.      Google is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 5, and therefore denies them.

6.     To the extent this paragraph alleges infringement by Google or the use of any Google service or product, Google denies that allegation.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6, and therefore denies them.

7.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8.     Google admits that Google Inc. is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043, and that its registered agent is Corporation Service Company

## JURISDICTION AND VENUE

9.     As to paragraph 9 of the Complaint, Google reasserts and incorporates its responses to paragraphs 1 through 8 of the Complaint.

10.     Google admits that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims.

11.     Google admits that it has conducted and does conduct business in the State of Texas and the Eastern District of Texas.  Google denies that it has committed acts of infringement within the Eastern District of Texas, or any other District, and any remaining allegations in paragraph 11.

12.     Google denies venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), and denies that venue in a patent infringement case may be based on 28 U.S.C. § 1391. Google asserts that the Northern District of California is the proper venue and is more convenient for this litigation.  Google denies any remaining allegations in paragraph 12.

## PLAINTIFF'S INFRINGEMENT ALLEGATIONS

13.     As to paragraph 13 of the Complaint, Google reasserts and incorporates its responses to paragraphs 1 through 12 of the Complaint.

14.     Google admits that what appears to be a copy of United States Patent No. 9,195,507 is attached as an exhibit to Plaintiff's Complaint and that, on its face, the '507 Patent is entitled "Distributed Hypermedia Method and System for Automatically Invoking External Application Providing Interaction and Display of Embedded Objects Within a Hypermedia Document," bears an issue date of November 24, 2015, lists Michael Doyle, David Martin, and Cheong Ang as inventors, and identifies Eolas as the assignee.  Google denies that the '507 Patent was duly and legally issued.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint, and therefore denies them.

15.     Google denies the allegations in paragraph 15 of the Complaint, and specifically denies that it has committed any acts of infringement.

## PRAYER FOR RELIEF

16.     These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required.  Google denies that Plaintiff is entitled to any of the requested relief and denies any allegations.

## AFFIRMATIVE DEFENSES

17.     Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Google

specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST DEFENSE – NON-INFRINGEMENT

18.    Google does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '507 patent, including under the reverse doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY

19.    The claims of the '507 patent are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

20.    The claims of the '507 patent are invalid and unenforceable under 35 U.S.C. §§ 102 because the claims lack novelty, and are taught and suggested by the prior art.

21.    The claims of the '507 patent are invalid and unenforceable under 35 U.S.C. §§ 103 because the claims are obvious in view of the prior art.

22.    The claims of the '507 patent are invalid and unenforceable for obviousness-type double patenting.

23.    The claims of the '507 patent are invalid and unenforceable for failure satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

## THIRD DEFENSE – PROSECUTION HISTORY ESTOPPEL

24.    By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the '507 patent, Plaintiff's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE - ESTOPPEL

25.    On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, prosecution laches, disclaimer, patent misuse, and/or waiver.

## FIFTH DEFENSE – COLLATERAL ESTOPPEL

26.    On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## SIXTH DEFENSE – RES JUDICATA

27.    On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

## SEVENTH DEFENSE – PATENT UNENFORCEABILITY (UNCLEAN HANDS)

28.    On information and belief, Plaintiff's claims against Google are barred under the doctrine of unclean hands.

## EIGHTH DEFENSE – IMPROPER VENUE

29.    Venue for this case is not proper in this district.  *See Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957).

## NINTH DEFENSE – LICENSE AND EXHAUSTION

30.    Plaintiff's claims are barred to the extent any of the allegedly infringing conduct is premised on or related to products made, sold, used, or provided by any licensed entity (whether express or implied) to the '507 patent or related patents and/or Plaintiff's claims are precluded under the doctrine of patent exhaustion.

## REQUEST FOR RELIEF

WHEREFORE, Google respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

1)    Dismissing, with prejudice, Plaintiff's claims against Google;

2)       Denying all relief that Plaintiff seeks in its Complaint;

3)       Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google

its costs and attorneys' fees; and

4)       Awarding any other relief the Court deems just and equitable.

Dated:  January 21, 2016                 QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                         By:  */s/ David A. Perlson*
                                              Charles K. Verhoeven, CA Bar No. 170151
                                              charlesverhoeven@quinnemanuel.com
                                              David A. Perlson, CA Bar No. 209502
                                              davidperlson@quinnemanuel.com
                                              QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP
                                              50 California Street, 22nd Floor
                                              San Francisco, California  94111-4788
                                              Telephone: 415-875-6600
                                              Fax: 415-875-6700

                                              Michael E. Jones, SBN: 10929400
                                              mikejones@potterminton.com
                                              Patrick C. Clutter, SBN: 24036374
                                              patrickclutter@potterminton.com
                                              POTTER MINTON, PC
                                              110 North College, Suite 500
                                              Tyler, Texas 75702
                                              Tel: 903-597-8311
                                              Fax: 903-593-0846

                                              *Attorneys for Google Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 21, 2016.

*/s/      David A. Perlson*