[Counsel identified on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 4:17-cv-01138-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        February 24, 2020<br>Time:       2:00 p.m.<br>Courtroom: Courtroom 6, 2nd Floor<br>Judge:      Hon. Jon S. Tigar |

Pursuant to this Court's January 28, 2020 Scheduling Order (Dkt. 567)[1], the parties to these cases, by their respective counsel, respectfully submit the following Joint Case Management Statement in anticipation of the Further Case Management Conference scheduled for February 24, 2020. This Joint Case Management Statement omits a number of the sections required by Standing Order for All Judges of the Northern District of California in order to focus on the issues most pertinent to next steps for these cases. The parties have previously filed more fulsome Joint Case Management Statements in the individual cases, which more clearly set out the parties' respective positions on all sections from the Standing Order.

## 1. LEGAL ISSUES

### a. Eolas's Statement

The legal issues in dispute are those in Eolas's complaint (including supplements thereto) and the Defendants' answers (including supplements thereto). At a high level, and given the advanced procedural posture of this case, the issues to be decided are narrow:

- Whether each Defendant infringes one or more claims of the '507 patent as Eolas asserts;
- Whether one or more claims of the '507 patent is invalid as Defendants assert; and
- If Amazon, Google, and/or Walmart are found to infringe one or more claims of the '507 patent that is not invalid, the appropriate damages.

### b. Amazon's, Google's, and Walmart's Statement

The legal issues in dispute are those identified by Eolas, as well as those in any of the Defendants' counterclaims. Amazon, Google, and Walmart reserve the right to raise additional issues that may arise through the course of these actions. At present, the following legal issues are disputed:

- Whether any Defendant infringes one or more of claims 19, 24, 26, 32, 37, 39, and 45 of the '507 patent.

---

[1] Docket entries cited herein are to Case No. 4:17-cv-3022-JST unless otherwise noted.

- If any Defendant infringes a valid and enforceable claim of the '507 patent, the amount of damages adequate to compensate Eolas for the infringement.
- Whether this action should be dismissed because it is barred by res judicata and/or collateral estoppel where all of the asserted claims are substantially similar to the asserted claims of related U.S. Patent Nos. 5,838,906 and 7,599,985, where Eolas asserted those related patents against Amazon and Google in *Eolas Techs. Inc. v. Adobe Sys. Inc.*, 6:09-cv-00446 (E.D. Tex.), where a jury found all of those related claims to be invalid after a trial on the merits, and where the United States Court of Appeals for the Federal Circuit affirmed the judgment of invalidity of the district court, *Eolas Techs. Inc. v. Amazon.com, Inc.*, 521 F. App'x 928 (Fed. Cir. 2013) (*per curiam*).
- Whether the asserted claims of the '507 patent are invalid under the doctrines of double patenting and obviousness-type double patenting in view of the related claims of U.S. Patent Nos. 5,838,906 and 7,599,985, which a jury has already found invalid, and where the United States Court of Appeals for the Federal Circuit affirmed the judgment of invalidity of the district court; or whether the asserted claims of the '507 patent are invalid under the doctrines of double patenting and obviousness-type double patenting in view of other related patents.
- Whether the Texas court erred in finding that the term "interactive-content application" was not a functionally-claimed term subject to 35 U.S.C. § 112, para. 6, and thus indefinite for a lack of sufficient structure including an algorithm for performing the claimed function.
- Independent of res judicata, collateral estoppel, and double-patenting, whether the asserted claims of the '507 patent are invalid also because they fail once again to satisfy the conditions for patentability specified in Title 35 of the U.S. Code, including sections 101, 102, 103, and/or 112.

-2-

Case Nos. 4:17-cv-01138-JST    JOINT CASE MANAGEMENT STATEMENT

- Whether the asserted claims of the '507 patent are invalid because the term of the '507 patent was improperly extended or adjusted under 35 U.S.C. § 154, or because of improper inventorship (§ 256) or derivation (pre-AIA § 102(f)).
- Whether Eolas's claims are barred in whole or in part by the doctrines of estoppel, prosecution laches, disclaimer, patent misuse, waiver, unclean hands, inequitable conduct, and/or license and exhaustion.
- Whether any party is entitled to attorneys' fees under 35 U.S.C. § 285 or costs.

2. **MOTIONS**

   a. **Prior and Pending Motions[2]**

   The following motions were fully briefed and pending before these cases were transferred to this District, and remain pending:

   - Motion of Amazon, Google, and Walmart, to Supplement Their Patent Rule 3-3 Invalidity Contentions and Rule 3-4(b) Document Production (Dkt. 203), Eolas's Opposition thereto (Dkt. 206), Defendants' Reply (Dkt. 214), and Eolas's Sur-Reply (Dkt. 219);
   - Motion of Amazon, Google, and Walmart, for Leave to File a Supplemental Brief in Support of Their Motion for Leave to Supplement Their Patent Rule 3-3 Invalidity Contentions and Rule 3-4(b) Document Production (Dkt. 241), Eolas's Opposition thereto (Dkt. 243), Defendants' Reply (Dkt. 246), and Eolas's Sur-Reply (Dkt. 250); and
   - Motion of Walmart (joined by Amazon and Google) to Compel Previous Litigation Documents and Email Production From Eolas Technologies Incorporated (Dkt. 221; Dkt. 226 (Amazon joining); Dkt. 227 (Google joining)); and Eolas's Opposition thereto (Dkt. 231).

---

[2] Motions related to venue, transfer, or other motions not directly touching on the merits have been omitted.

1  The Court indicated that all three cases would be referred to a magistrate judge for all discovery
2  purposes, including the above three motions.  (*See* Dkt. 377.)  The Court subsequently referred the
3  Amazon case to Magistrate Judge Corley for all discovery purposes.  (*See* Dkt. 407.)  None of
4  these motions have been discussed with Judge Corley, as all matters other than the prosecution bar
5  issues were stayed.  If discovery and these motions will still be referred to Magistrate Judge
6  Corley, the parties ask that the Court refer all three cases similarly since the above motions were
7  briefed jointly.  The parties agree that that each of the above-listed motions (related to
8  supplementation of invalidity contentions and Walmart's motion to compel) should be taken up
9  after resolution of each of Defendants' early summary judgment motion discussed below.

Since transfer to this District, several motions have been decided:

- Eolas's Motion to Disqualify Latham & Watkins (Dkt. 253), filed February 28, 2016, was denied (Dkt. 385);
- Eolas's Motion for Leave to File a Motion for Reconsideration (Dkt. 391), filed September 14, 2017, was denied (Dkt. 396);
- Amazon's and Google's Motion to Compel Additional Post-July 22, 2014 Discovery (Dkt. 467), filed September 26, 2018, was denied (Dkt. 492); and
- Amazon's Motion for Order to Show Cause Regarding McKool Smith's Violation of Prosecution Bar (Dkt. 262), filed March 2, 2017, was denied (Dkt. 566).

### b.  Anticipated Motions

#### i.  Early Summary Judgments

After the August 2, 2017 Case Management Conference, the Court entered an order on August 8, 2017 (Dkt. 377) allowing Amazon, Google, and Walmart to file a motion for summary judgment with a single brief, on double patenting, obviousness-type double patenting, collateral estoppel, and res judicata (including the *Kessler* doctrine).  The Court also ordered that Eolas may cross-move on any of the issues raised by the Defendants at the time for its opposition brief.  (*Id.*)  Finding good cause, the Court ordered that any motion and cross-motion on these issues would not be the only motion for summary judgment allowed.  (*Id.*)  A briefing schedule was entered (Dkt.

1   379) and the page limits were extended (Dkt. 389).  The briefing schedule was amended (Dkt.

2   395; Dkt. 402), and ultimately suspended pending resolution of the prosecution bar issues (Dkt.

3   405).

4          Consistent with the Court's previous decision to brief these issues without setting

5   deadlines through trial, the parties submit herewith an updated briefing schedule to address these

6   issues that similarly suspends other deadlines.

7          **Eolas's position as to other issues for summary judgment:** Eolas's position—as it has

8   been since early 2016—remains that if Defendants intend to raise any of double patenting,

9   obviousness-type double patenting, collateral estoppel, or res judicata (including the *Kessler*

10  doctrine) in this case, they should do so as soon as possible. *See, e.g.*, Dkt. 70 at 9-10 (proposing

11  early summary judgments). In addition to moving and cross-moving on one or more of the above

12  issues, Eolas continues to believe that it would be most efficient for Defendants to brief issues

13  Defendants contend are purely legal and that the Court will have to deal with in any event, such as

14  patent eligibility (under Sections 101 and 112) and patent term adjustment, as summarized above

15  in Section 1 ("Legal Issues") Subsection b. ("Amazon's, Google's, and Walmart's Statement")

16  (assuming that Defendants contend that these are purely legal issues for the Court). *See, e.g.*, Dkt.

17  70 at 9-10 (proposing early summary judgments).

18         **Amazon, Google, and Walmart's position as to other issues for summary judgment:**

19  Amazon, Google, and Walmart believe that the issues of double patenting, obviousness-type

20  double patenting, collateral estoppel, and res judicata (including the *Kessler* doctrine) are the only

21  issues that should be part of the early summary judgment process, consistent with the Court's

22  previous order.  Initially, these issues are all related and logically should be heard together.  Issues

23  under Sections 101 and 112 and patent term adjustment, however, raise different issues and could

24  also significantly increase the volume of briefing.  Defendants would prefer to not bring them at

25  this time.  Additionally, the patent term adjustment defense is not ripe for summary judgment

26  proceedings.  For example, as to the factual issue of reasonableness, Defendants intend to ask the

27  Court to allow use of previously produced privileged materials and/or to allow additional narrow

28

discovery into this issue stemming from the materials produced during the prosecution bar discovery.  And the Section 101 and 112 issues could likely be impacted by the ruling on Defendants' motion for reconsideration of the claim term "interactive-content application."

### ii.    Motion for Reconsideration of Claim Construction

The Court's August 8, 2017 order (Dkt. 377) also allowed Amazon, Google, and Walmart to file a motion for reconsideration of the claim term "interactive-content application" and requested a technology tutorial.  A briefing schedule for the motion for reconsideration and a date for the technology tutorial were entered (Dkt. 379), and were amended (Dkt. 396; Dkt. 402), before being suspended pending resolution of the prosecution bar issues (Dkt. 405).

Amazon, Google, and Walmart intend to file the allowed motion for reconsideration of the claim term "interactive-content application," which Defendants believe is a dispositive claim term.  Similar to the early summary judgment motion, the Court previously decided to receive briefing on this issue without setting deadlines through trial.  Defendants submit that an updated briefing schedule should be entered to address this issue that similarly suspends other deadlines.

### iii.   Motion to Amend Infringement Contentions

The Court's August 8, 2017 order (Dkt. 377) required Eolas and Google to meet and confer regarding Eolas's infringement contentions and to file a letter brief describing the dispute.  Eolas and Google did so (Dkt. 98 in Case No. 4:17-cv-1138-JST), and the Court ordered a further meet and confer on the issue and ordered that Eolas file a motion to amend its infringement contentions by September 25, 2017 (Dkt. 102 in Case No. 4:17-cv-1138-JST).  Like other deadlines, that deadline was extended (Dkt. 106 in Case No. 4:17-cv-1138-JST), and ultimately stayed along with other deadlines (Dkt. 405).

**Eolas's and Google's Position:** Eolas and Google believe that it would be most efficient to address any remaining issues regarding Eolas's infringement contentions directed to Google after resolution of the early summary judgment motions discussed above. Google believes this issue should be deferred until after the resolution of Defendants' motion for limited reconsideration of claim construction, discussed above.

Should the Court prefer that Eolas and Google address this issue now, however, Eolas and Google agree to meet and confer within two weeks of the Court issuing a scheduling order and further agree that if agreement is not reached, Eolas will file any motion for leave to amend its infringement contentions three weeks after the deadline to meet and confer, with any opposition from Google due within three weeks after the filing of Eolas's motion.

### iv. Additional Motions

In addition to the above motions, the parties anticipate that they may file summary judgment, *Daubert*, and other pre-trial motions following expert discovery. Such motions would be filed in accordance with the Court's scheduling and other orders.

## 3. DISCOVERY

### a. Eolas's Statement

The district court entered discovery, protective, and ESI orders for this case prior to transfer (Dkts. 75, 97-98). Fact discovery has concluded. With limited exceptions related to possible additional third party depositions and documents that may be needed if Defendants' motion for leave (discussed in "Motions" section) is granted such that additional alleged prior art becomes at issue, Eolas does not believe that further fact discovery is necessary or that this Court need enter additional discovery, protective, or ESI orders.

Notwithstanding the Court's denial of Defendants' prosecution bar motion and the limited scope of the waiver related only to the resolution of that issue, Defendants have indicated their intention to use these privileged documents to litigate issues related to "patent term adjustment, inequitable conduct, and unclean hands." At the time Eolas agreed to the voluntary waiver of privilege regarding these documents, it made clear that the waiver was *expressly limited to resolving the prosecution bar related motion and did not extend to any issue in the case.* The narrow scope of Eolas's voluntary waiver was subsequently reiterated multiple times (both by Eolas and Magistrate Judge Corley), conclusively resolving any ambiguity. Because the prosecution bar motion has been resolved, Defendants Google and Amazon should be ordered to destroy all of the privileged materials over which Eolas voluntarily waived privilege.

1    Following a back-and-forth discussion with Magistrate Judge Corley and Defendants at the
2    March 29, 2018 Hearing, Eolas agreed to a "partial" and "circumscribe[d]" disclosure of "the
3    documents up to July 22nd" on condition that the limited disclosure would not constitute a
4    "broader waiver" and the documents would be used "only for the purposes of this [the prosecution
5    bar] motion." March 29, 2018 Hearing Tr. at 24:5, 25:14, 27:22-23, 29:10-17. Magistrate Judge
6    Corley further indicated that Eolas could allow Defendants to see the disclosed documents with
7    "no subject matter waiver." *Id.* at 23:5-8. The waiver agreed to at the March 29, 2018 hearing did
8    not extend beyond the prosecution bar motion.

9    The limited scope of the wavier Eolas agreed to was again confirmed in the April 26, 2018
10   Hearing before Magistrate Judge Corley. At that hearing, Eolas confirmed "that the offer that we
11   are making to give [McKool Smith's] internal documents is also subject to the condition that I
12   stated last time, and that is it's for purposes of this motion [the prosecution bar motion], because it
13   also could be helpful to them [Defendants] with regard to the merits and that's not what we're
14   talking about here." April 26, 2018 Hearing Tr. at 15:17-23. In response Magistrate Judge Corley
15   stated unambiguously that "I understand it's [the agreed waiver] about whether the prosecution bar
16   was violated." *Id.* at 15:24-25. Counsel for Defendants' then asserted that the waiver extended to a
17   laundry list of other issues, including (but not limited to), "the patent term extension defense, our
18   infringement invalidity defenses as they relate to res judicata and collateral estoppel and other
19   issues, Rule 37 and the like" and further asserted that the documents should not be "constrained
20   only to deciding whether the bar was violated or not" because "the documents . . . are relevant to
21   other substantive issues." *Id.* at 16:7-24. Magistrate Judge Corley then remarked:

> That's fine. But they [Eolas] waived for a limited purpose – and it may be that, notwithstanding their waiver, the Court would order it could be used for a broader purpose, but that wouldn't be their agreement, that would be an order.

*Id*. at 17:2-6. To the extent there was any ambiguity about the scope of the waiver agreed to at the March 29, 2018 Hearing, the April 26, 2018 Hearing conclusively resolves it: the waiver Eolas agreed to did not extend beyond the prosecution bar motion and certainly did not extend to "other

substantive issues" like Defendants' patent term adjustment and other invalidity defenses.³ The Court's December 9, 2019 Order confirms Magistrate Judge Corley's decision. Dkt. 566 at 3 ("Eolas also agreed to turn over its attorney-client privileged communications prior to that date on the condition that those documents would be produced for 'attorney's eyes only' review ***and used only for purposes of the motion now before the Court*** [i.e., the prosecution bar motion]." (emphasis added)).

Consistent with the narrow scope of its voluntary wavier (limited to resolution of the prosecution bar motion) discussed at the March 29, 2018 Hearing, Eolas produced the first set of privileged documents on the condition that they be "used for the limited purpose" of "resol[ving] . . . Amazon's Motion for an Order to Show Cause (Dkt. 262)"—*i.e.* the prosecution bar motion. Ex. A (J. Quigley Email to Amazon dated April 6, 2018). This email further reiterated that "[a]s agreed during the March 29, 2018 hearing, there is no broader subject matter privilege waiver based upon this production." *See id.* A similar production email was sent to counsel for Google, with the same conditions. *See* Ex. B (J. Quigley Email to Google dated April 6, 2018). Similarly, Eolas produced the second set of privileged documents to both Amazon and Google on the condition that they be "used for the limited purpose" of "resol[ving] . . . Amazon's Motion for an Order to Show Cause (Dkt. 262)" and that "as before and as the parties agreed during the March 29, 2018 hearing, there is no broader subject matter privilege waiver based upon this production." Ex. C (M. Moore Letter to Google and Amazon dated June 15, 2018). Eolas was "entitled to rely" on these conditions, "so that it [would] not be unfairly surprised in the future by learning that it actually waived more than it bargained for" when it agreed to make its limited disclosure. *See Bittaker v. Woodford*, 331 F.3d 715, 721 (9th Cir. 2003). And Defendants effectively agreed to be bound by these conditions when they reviewed these documents: if they did "not wish to be bound, [they were] free to reject the materials and litigate without them." *Id.*

---

³ The September 6, 2018 Hearing Transcript further demonstrates the circumscribed nature of Eolas's agreed waiver. *See* September 6, 2018 Hearing Transcript at 25:3-13 (Magistrate Judge Corley denying Walmart's request to get access to the privileged materials related to the "defense of the invalid patent term adjustment" because while "that may be a defense" it is "not a defense I'm adjudicating discovery for now."); *see also id*. at 25:14-26:22.

### b. Amazon's, Google's, and Walmart's Statement

#### i. Discovery Taken to Date

Fact discovery is largely complete. If the Court grants the pending motion to compel, Eolas will need to produce previous litigation documents and emails. In addition, Amazon, Google, and Walmart seek to supplement their invalidity contentions with additional materials related to the invalidity theories they have already disclosed. Notably, Amazon and Walmart each included the additional materials in their invalidity expert's report, and Eolas responded to this evidence through its own rebuttal report. Presumably, the same will be true when Google and Eolas exchange expert reports. Expert depositions of validity experts have not yet occurred.

Eolas appears to be seeking to reopen fact discovery on several of Defendants' timely disclosed third party prior art witnesses who were included in their amended initial disclosures. Not only were these witnesses part of Defendants' initial disclosures during the present litigation, but Eolas was already aware of many of these witnesses from the prior litigation. Yet Eolas never sought to depose any of these witnesses during fact discovery. This case is being transferred after fact discovery is closed and, aside from the pending discovery motions and the issues related to prosecution discovery, there is no good cause to reopen it now.

Amazon and Eolas, and Walmart and Eolas, have exchanged opening and rebuttal expert reports. As noted above, Defendants intend to seek reconsideration of a single term in the Texas court's claim construction decision—a term which, if construed correctly, would dispose of this case. The reconsideration Defendants seek, however, presents a legal question and thus should not necessitate additional discovery or require any revisions to expert reports or additional expert declarations. Amazon, Walmart, and Eolas have deposed some of the designated experts but expert discovery is not yet complete.

#### ii. Scope of Anticipated Discovery

Google and Eolas have not yet exchanged expert reports or started expert depositions. Defendants' position is that Google and Eolas should exchange reports after the Court has ruled on the early summary judgment motions and reconsideration of claim construction motion. That

exchange should occur before the remaining depositions are scheduled so that all parties can be on the same schedule.

The parties anticipate the need to finish expert discovery.

### iii.  Use of Prosecution Bar-Related Discovery

Defendants believe that it would be most efficient to address the dispute over prosecution bar-related discovery after resolution of the early summary judgment motions on double patenting, obviousness-type double patenting, collateral estoppel, and res judicata (including the *Kessler* doctrine).  Should the Court prefer that the parties address this issue now, however, Defendants suggest that the parties meet and confer within two weeks of the Court issuing a scheduling order and further follow the Court's procedure regarding discovery motions in order to resolve this dispute.

As a preview to Defendants' position which would be explained further in a fully developed motion, Defendants maintain a number of defenses related to the prosecution of the '507 patent, including invalid patent term adjustment, inequitable conduct, and unclean hands. The relevance of the prosecution activities to these theories was explained during a hearing with Magistrate Judge Corley.  (*See* Mar. 29, 2018 Hr'g Tr. at 30:20-31:16.)  Judge Corley recognized that these theories all "related to either, one, the patent prosecution bar people who reviewed confidential -- participated in the prosecution of the continuation application; or two, the patent term adjustment theory.  It's related to those two things. . . . And maybe many theories around those two things."  (*Id.* at 31:3-11.)  At that hearing, Eolas waived privilege as to "the documents up to July 22nd . . ., and that [the waiver] is limited to these two issues that Your Honor's identified" (*id.* at 29:10-17)—namely, "violation of the Protective Order" and Defendants' "argument as to the patent term adjustment theory" (*id.* at 27:24-28:3).  Despite that clear waiver, Eolas contends that the documents produced may not be so used.  Defendants ask that the Court hold Eolas to the waiver it made and allow Defendants to use and rely on the materials that Eolas and McKool Smith produced during discovery into the prosecution bar issues.

1  Defendants also believe that documents that have not been produced are relevant to these
2  defenses.  After the ruling on the early summary judgment motions on double patenting,
3  obviousness-type double patenting, collateral estoppel, and res judicata (including the *Kessler*
4  doctrine), Defendants ask for the opportunity to file a motion to compel these not-yet-produced
5  documents in connection with these defenses, as well as the use of the documents that have been
6  produced, should the Court determine that Eolas's clear waiver may be withdrawn.  Again, while
7  Eolas has added its position to this Joint Case Management Statement in detail above, Defendants
8  believe this matter should be resolved by the Court's motion to compel process, so that
9  Defendants may outline the facts and law in detail.

10      **iv.**     **Settlement and ADR**

11  While in the Eastern District of Texas, the parties previously agreed on Judge David
12  Folsom as a private mediator.  At the August 2, 2017 Case Management Conference, the Court
13  asked the parties to pick a local mediator.  The parties will meet and confer regarding a new
14  mediator and agree to try and mediate the respective cases at a date to be determined later by the
15  parties but prior to any hearing on later dispositive motions (i.e., not the hearing on the early
16  summary judgment motions discussed above).

17  **4.**     **NARROWING OF ISSUES**

18      **a.**     **Eolas's Statement**

19  At this time, Eolas does not foresee the parties further narrowing any issues, claims, or
20  defenses.  However, the invalidity-related issues would narrow if Defendants' motion for leave to
21  amend their invalidity contentions (discussed in Section 2, *supra*) is denied.  As previously stated
22  in the Joint Case Management Statements filed in Case Nos. 4:17-cv-1138-JST and 4:17-cv-3023-
23  JST, Eolas disagrees with Google and Walmart that any further narrowing on the part of Eolas is
24  warranted or necessary.  Eolas agrees with Defendants that the parties will attempt to reach
25  agreement on various matters that will expedite the presentation of evidence at trial, including
26  stipulations of fact and agreements regarding authenticity and admissibility of documents.

27

28

1  **b.     Amazon's, Google's, and Walmart's Statement**

2  Google and Walmart maintain their positions that Eolas should narrow the number of
3  asserted claims and/or the number of accused products.

4  Defendants anticipate narrowing the issues or resolving the case by filing the early
5  summary judgment motion and the motion for reconsideration of claim construction described
6  above.  Prior to the Pretrial Conference, Defendants also expect that the parties will attempt to
7  reach agreement on various matters that will expedite the presentation of evidence at trial,
8  including stipulations of fact, authenticity and admissibility of documents, and/or presentation of
9  evidence in the form of Federal Rule of Evidence 1006 summaries.

10  **5.    SCHEDULING**

11  **a.     Eolas's Statement**

12  Eolas provides its proposed dates in the proposed schedule in Attachment A.

13  **b.     Amazon's, Google's, and Walmart's Statement**

14  The Court previously entered a schedule to resolve Defendants' early summary judgment
15  and motion for reconsideration of claim construction.  (*See* Dkt. 379.)  Defendants believe that
16  returning to a similar schedule and resolving the same issues, with all other case deadlines and fact
17  and expert discovery stayed pending resolution of these issues, is the most expeditious way to
18  resolve these cases.  Defendants provide their proposed dates in the proposed schedule in
19  Attachment A.

20  **6.    TRIAL**

21  **a.     Eolas's Statement**

22  Eolas has demanded that the case be tried by jury.  Eolas understands that the Court holds
23  trial Monday through Thursday from 8:30 a.m. to 1:30 p.m.  Given this, Eolas expects that each
24  trial (one per defendant) will last 7-8 court days.

25  **b.     Amazon's, Google's, and Walmart's Statement**

26  Each of Amazon, Google, and Walmart requests trial by jury for all issues so triable.
27  Defendants understood from the August 2, 2017 Case Management Conference that the Court is

28

not interested in holding a bifurcated invalidity trial, and intends to hold three separate trials.  The length of each trial will depend on the resolution of the parties' pretrial motions and the ability to narrow the issues.  Amazon presently believes that a ten-day trial would be sufficient if all issues are tried together.  Google and Walmart presently believe that if Eolas narrows its asserted claims and accused products (*see* Dkt. 79 in Case No. 4:17-cv-1138-JST; Dkt. 86 in Case No. 4:17-cv-3023-JST), a 7-8 day trial for each is reasonable.

| | |
|---|---|
| DATED:  February 21, 2020 | Respectfully submitted, |
| | By /s/ James E. Quigley |

John B. Campbell, TX SBN 24036314 (admitted *Pro Hac Vice*)
Kevin Burgess, TX SBN 24006927 (admitted *Pro Hac Vice*)
James E. Quigley, TX SBN 24075810 (admitted *Pro Hac Vice*)
MCKOOL SMITH, P.C.
300 West 6th Street, Suite 1700
Austin, Texas 78701
Tel. (512) 692-8700; Fax: (512) 692-8744
kburgess@mckoolsmith.com
jcampbell@mckoolsmith.com
jquigley@mckoolsmith.com

Attorneys for Plaintiff
Eolas Technologies Incorporated

By /s/ David A. Perlson

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (CA Bar No. 170151)
  David A. Perlson (CA Bar No. 209502)
  Carl G. Anderson (CA Bar No. 239927)
  Michael D. Powell (CA Bar No. 202850)
  Lindsay M. Cooper (CA Bar No. 287125)
  Felipe Corredor (CA Bar No. 295692)
  qe-eolas@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Miles Freeman (CA Bar No. 299302)
  qe-eolas@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: 213-443-3000
Fax: 213-443-3100

*Attorneys for Defendant Google Inc.*

**ATTESTATION**

I, David A. Perlson, am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

DATED:  February 21, 2020        */s/ David A. Perlson*
                                                        David A. Perlson

**ATTACHMENT A**

| DEADLINE DESCRIPTION | EOLAS'S PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|---|---|---|
| Defendants file motion for summary judgment on issues of double patenting, obviousness-type double patenting, collateral estoppel, res judicata, and *Kessler* doctrine | Eolas agrees with Defendants' proposed dates but believes Defendants should also be required to move on other issues as noted in Section 2.b.i. | Tuesday, March 24, 2020 (4 weeks from CMC) |
| Defendants file motion for limited reconsideration of claim construction | | Tuesday, April 7, 2020 (2 weeks after MSJ) |
| Eolas files opposition brief, and if desired cross-motion for summary judgment | | Tuesday, April 21, 2020 (4 weeks) |
| Eolas files opposition brief to motion for limited reconsideration of claim construction | | Tuesday, May 5, 2020 (4 weeks) |
| Defendants file reply brief for Defendants' motion for summary judgment, and opposition brief to Eolas's cross-motion for summary judgment, if any were filed | | Tuesday, May 12, 2020 (3 weeks) |
| Eolas files reply briefs for Eolas's cross-motions for summary judgment, if any were filed | | Tuesday, May 19, 2020 (3 weeks) |
| Defendants file reply brief to motion for limited reconsideration of claim construction | | Tuesday, May 19, 2020 (2 weeks) |
| Technology Tutorial | | At the Court's convenience |
| Hearing on summary judgment motions and hearing on Defendants' limited reconsideration of claim construction | | Wednesday, July 1, 2020 at 2:00 p.m. |
| Further Case Management Conference | | At the Court's convenience after ruling on the above motions |